GIZELLA FEINER v. BENJAMIN W. WARNER, SAMUEL WARNER AND PHILIP WARNER.

Decided November 12, 1926.

**Assault and Battery—Plaintiff, Former Employe of One of Defendants, Alleged Assault When She Demanded Her Pay— Claim That Action was Several, Not Joint, Against the Defendants Not Sustained—Not Error to Refuse Nonsuit— Verdict Not Against Weight of Evidence.**

On rule for new trial.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Durand, Ivins & Carton.*

*Contra, Isaiah Matlock.*

PER CURIAM.

Plaintiff contracted with the defendant Benjamin W. Warner to serve as cook, for the season, at his hotel in Asbury Park. After serving about a month of the term she was either discharged or voluntarily left her employment, and made a demand upon her employer for payment for her services, which demand seems not to have been complied with. The day following the first demand, at about one P. M., plaintiff asserts she again went to her employer, Benjamin W. Warner, and asked for payment. He was at that time seated on the porch of the hotel, reading. He declined to pay her and she says kicked her in the stomach, causing her to fall to the floor of the porch, immediately following which the defendant Samuel Warner, a son of the proprietor, Benjamin W. Warner, together with a bell boy, dragged plaintiff by her hair across the porch and the floor of the office of the hotel into an adjoining room, causing her head to strike against an iron bedstead. While lying on the floor in this room, she says, the defendant Philip Warner, a nephew of the proprietor, Benjamin W. Warner, called her a vile name and kicked her several times.

Some time thereafter Philip Warner telephoned the hospital and was advised that no ambulance was available, and he thereupon telephoned police headquarters and requested that the police remove the plaintiff from the hotel. Two police officers, who responded, found plaintiff lying on the floor, either hysterical or delirious. She was taken to police headquarters and placed on a cot in the detention room. She was there examined by a physician, at the request of the police department, who expressed his opinion that she was hysterical only. She was left in the detention room until the next morning, when her condition was such that she was removed to a hospital, where she remained three weeks, and it was found that she had a fracture of the skull, extending into the ear, and was bruised about the hips, abdomen and legs.

Plaintiff has a verdict for $3,500, and defendants have this rule seeking to set it aside, assigning seven reasons.

These may be considered under two heads:

*First*—Because the right of action, if any, is several, and not joint, and separate suits should have been brought or separate verdicts should have been returned.

This ground is urged under a refusal to nonsuit and exception taken to the following portion of the trial court's charge: "If all of them, in your judgment, under the evidence, participated in such assault or aided and abetted in an assault, all of them would be jointly and severally liable under the law."

It was not error to refuse to nonsuit, and the trial court very properly submitted this question to the jury, and the instruction complained of was correct in law. *Allen* v. *Craig,* 13 *N. J. L. 294.*

*Second*—Because the verdict is against the weight of the evidence.

We do not find this to be so.

The rule to show cause is therefore discharged, with costs.